ARTHUR M. EIDELHOCH, Bar No. 168096
WILLIAM HAYS WEISSMAN Bar No. 178976
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490

Attorneys for Defendants
CENTRAL PARKING SYSTEMS, INC.;
NEW SOUTH PARKING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRAL PARKING, INC.; NEW SOUTH PARKING, INC.,<br><br>　　　　　Defendants. | Case No.  C07-4458SI<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date: October 19, 2007<br>Time: 9:00 a.m. |

I.   **STATEMENT OF FACTS**

Plaintiff has never been an employee of Defendants.  He declined to provide pre-employment information as required by the Internal Revenue Code (Title 26 of the United States Code) and the Aliens and Nationality Code (Title 8 of the United States Code) and their concomitant regulations.

Plaintiff's self-styled "Petition for Declaratory and Injunctive Relief" (Complaint) improperly seeks to allow Plaintiff to operate outside the laws of the United States based on his declaration that he is not a citizen of the United States, and further, to require that Defendants ignore their obligations under federal tax and immigration law, thereby putting their operations at risk of federal penalties and other sanctions.

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

However well-intentioned Plaintiff may be, he simply does not state a claim upon which relief can be granted. His Complaint does not state any particular cause of action and is too indefinite to allow for a proper reply. Therefore, Defendants move to dismiss the Complaint in its entirety.

## II. ARGUMENT

### A. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FED. R. CIV. PROC. 12(b)(6))

The Complaint does not set forth any cognizable cause of action. Plaintiff seeks a declaration that he is a "lawful de jure jus sanguinis & jus soli free white State Citizen," rather than a citizen of the United States within the meaning of Article 1 of the Fourteenth Amendment to the United States Constitution. On that basis Plaintiff asserts that he is not subject to federal laws requiring him to provide to Defendants a social security number, Internal Revenue Service (IRS) Form W-4 or Department of Homeland Security (DHS) Form I-9 for purposes of employment.

#### 1. The Fourteenth Amendment clearly establishes that Plaintiff is a citizen of the United States and therefore subject to its laws.

Plaintiff contends that he is not a citizen of the United States within the meaning of Article 1 of the Fourteenth Amendment to the United States Constitution, which states in pertinent part that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Thus, contrary to Plaintiff's contention, Article 1 of the Fourteenth Amendment establishes simultaneous state and federal citizenship.

In the alternative, Plaintiff contends that the Fourteenth Amendment was never properly ratified and therefore does not apply to him. (Complaint, pp. 15-16.) This argument also fails. In a case that ultimately dealt with the ratification of the Child Labor Amendment to the United States Constitution, the United States Supreme Court, by way of example, discussed the ratification of the Fourteenth Amendment. The Supreme Court stated that whether the Fourteenth Amendment was properly ratified was a political question and hence was not subject to judicial determination. *Coleman v. Miller*, 307 U.S. 433, 450 (1939).

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

Because the ratification of a constitutional amendment is a political question, the Secretary of State's certification that the required number of states have ratified an amendment is binding on the courts. See *Leser v. Garnett,* 258 U.S. 130, 137 (1922) (Secretary of State's certification that the Nineteenth Amendment had been ratified by the requisite number of state legislatures was conclusive upon the courts); *United States v. Stahl,* 792 F.2d 1438, 1439 (9th Cir. 1986), *cert. denied,* 479 U.S. 1036 (1987) (Secretary of State's certification that the Sixteenth Amendment was properly ratified was conclusive upon the courts).

In the case of the Fourteenth Amendment, Secretary of State William J. Seward certified that the required number of states ratified the Amendment on July 28, 1868. 15 Stat. 708 (1867-69). Thus, the Court is bound by the certification and must conclusively treat the Fourteenth Amendment as having been properly ratified. Plaintiff's argument, generously construed, that there was fraud in the ratification process does not alter that conclusion. *Stahl,* 702 F.2d at 1440.

### 2. Claims by individuals that they are not citizens of the United States subject to its laws have been routinely dismissed by the courts.

Claims by individuals that they are not citizens of the United States but are solely citizens of a sovereign state or not otherwise subject to federal law have been uniformly rejected by the courts, most notably in the area of federal taxation. *See, e.g., O'Driscoll v. I.R.S.,* 1991 U.S. Dist. LEXIS 9829, at *5-6 (E.D. Pa. 1991) ("despite [taxpayer's] linguistic gymnastics, he is a citizen of both the United States and Pennsylvania, and liable for federal taxes"); *United States v. Sloan,* 939 F.2d 499, 500 (7th Cir. 1991), *cert. denied,* 502 U.S. 1060, *reh'g denied,* 503 U.S. 953 (1992) (affirming a tax evasion conviction and rejecting taxpayer's argument that the federal tax laws did not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master' - not 'servant' - of his government"); *United States v. Ward,* 833 F.2d 1538, 1539 (11th Cir. 1987), *cert. denied,* 485 U.S. 1022 (1988) (rejecting Ward's contention that he was not an "individual" located within the jurisdiction of the United States as "utterly without merit" and affirming his conviction for tax evasion); *United States v. Sileven,* 985 F.2d 962 (8th Cir. 1993) (rejecting the argument that the district court lacked jurisdiction because the taxpayer was not a federal citizen as "plainly frivolous"); *United States v. Gerads,* 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting the Gerads'

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposing sanctions "for bringing this frivolous appeal based on discredited, tax-protestor arguments"); *Solomon v. Commissioner*, T.C. Memo. 1993-509, 66 T.C.M. (CCH) 1201, 1202-03 (1993) (rejecting Solomon's argument that as an Illinois resident his income was from outside the United States, stating "[he] attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States. His hope is that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents. [His] arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions."); *Brown v. United States*, 35 Fed. Cl. 258, 269 (1996); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) ("Studley contends that she is not a 'taxpayer' because she is an absolute, freeborn and natural individual. This argument is frivolous.").

### 3. Federal law requires a prospective employee to provide a W-4 to his or her prospective employer.

Plaintiff contends that an IRS Form W-4 is voluntary. (Complaint, p. 18.) To the contrary, the Internal Revenue Code (IRC) expressly provides that "on or before the date of commencement of employment with an employer, the employee *shall* furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled." IRC § 3402(f)(2)(a) (emphasis added). Such withholding exemption certificate is commonly referred to as an IRS Form W-4. A completed IRS W-4 *must* include the employee's Social Security Number. Treas. Reg. § 31.3402(f)(2)-1(d) (every individual "*shall* include such number on any withholding exemption certificate filed with an employer.") (emphasis added).

Thus, contrary to Plaintiff's contention that an IRS Form W-4 is voluntary, it is in fact required, and it must include the Plaintiff's social security number. See *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981) ("Treasury Regulation s 31.3402(f)(2)-1 (1979) requires an employee to file a W-4 with the employer upon commencement of employment.").

//

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.
DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

### 4. Plaintiff Has No Fifth Amendment Privilege That Allows Him To Refuse To Supply The Required Information.

Plaintiff contends that the United States Constitution's Fifth Amendment privilege against self-incrimination protects him from providing the required information. (Complaint, p. 14.) This argument has likewise been repeatedly rejected by the courts. While the argument most often arises in the context of an individual's refusal to file an income tax return or provide information on an income tax return, the law and rationale are equally applicable to a refusal to provide the information required on an IRS Form W-4 or DHS Form I-9. *See, e.g., United States v. Sullivan*, 274 U.S. 259, 264 (1927) (stating that the taxpayer "could not draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law"); *United States v. Schiff*, 612 F.2d 73, 83 (2d Cir. 1979) ("[T]he Fifth Amendment privilege does not immunize all witnesses from testifying. Only those who assert as to each particular question that the answer to that question would tend to incriminate them are protected . . . [T]he questions in the income tax return are neutral on their face . . . [h]ence privilege may not be claimed against all disclosure on an income tax return."); *United States v. Brown*, 600 F.2d 248, 252 (10th Cir. 1979); *United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir.), *cert. denied*, 447 U.S. 925 (1980); *United States v. Daly*, 481 F.2d 28, 30 (8th Cir.), *cert. denied*, 414 U.S. 1064 (1973); *Sochia v. Commissioner*, 23 F.3d 941 (5th Cir. 1994), *cert. denied*, 513 U.S. 1153 (1995).

### 5. Plaintiff's claim that he is not an "employee" subject to taxes has been repeatedly rejected by the courts.

Plaintiff contends that he is not an "employee" within the meaning of the IRC and therefore its requirements do not apply to him. (Complaint, pp. 12, 18.) Plaintiff's argument is contrary to the plain language of the IRC and has been repeatedly rejected by the courts. *See, e.g., United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (calling the instructions Latham wanted given to the jury "inane," the court said, "[the] instruction which indicated that under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute. It is obvious within the context of [the law] the word 'includes' is a term of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

5.

Case No.: C07-4458SI

enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others."); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986) (rejecting Sullivan's attempt to recover a civil penalty for filing a frivolous return, stating "to the extent [he] argues that he received no 'wages' . . . because he was not an 'employee' within the meaning of 26 U.S.C. § 3401(c), that contention is meritless. . . . The statute does not purport to limit withholding to the persons listed therein."); *Peth v. Breitzmann*, 611 F. Supp. 50, 53 (E.D. Wis. 1985); *Pabon v. Commissioner*, T.C. Memo. 1994-476, 68 T.C.M. (CCH) 813, 816 (1994) (rejecting taxpayer's argument that she was not subject to tax because she was not an employee of the federal or state governments as "nothing but tax protester rhetoric and legalistic gibberish.").

### 6. Plaintiff has a legal obligation to complete a DHS Form I-9 prior to commencing employment.

Plaintiff argues that completing a DHS Form I-9 is voluntary. (Complaint, at p. 19). To the contrary, federal law requires Plaintiff to complete Section 1 of DHS Form I-9 on or before the first day of *hire*, defined as "the actual commencement of employment for wages or other remuneration." 8 C.F.R. § 274.1(c).

### 7. Defendants have affirmative legal obligations to obtain information from Plaintiff prior to the commencement of employment.

Federal law places requirements upon employers that are separate and distinct from those placed upon employees and prospective employees. Specifically, the IRC requires an employer to withhold income taxes, Social Security taxes and Medicare taxes from all "wages" paid at the time of payment, and holds an employer liable for its failure to do so. *E.g.*, IRC §§ 3102(a), 6672; Treas. Reg. § 31.3101-3. An employer does so by collecting a W-4 from the employee that contains his or her social security number. An employer is indemnified by the IRC against claims made by an employee for withholding and remitting employment taxes to the government. IRC § 3403.

Similarly, employers are obligated to complete Section 2 of the DHS Form I-9 within three business days of hire and attest, under penalty of perjury, that it has examined original documentation presented by the employee, that such documentation "appears on its face to be genuine" and relates to the named individual, and that to the best of the employer's knowledge the

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

employee is authorized to work in the United States.

Plaintiff in effect seeks to have Defendants violate their own legal obligations on Plaintiff's behalf by ignoring applicable provisions of federal law. This Court should not require Defendants to violate the law to aid and abet Plaintiff in his violation of federal law. See *Yisrael v. Per Scholas, Inc.*, 93 A.F.T.R.2d 2004-1708 (S.D.N.Y. 2004) (because providing a social security number is required by federal law, the defendant/employer could not be placed in the position of being exposed to criminal charges for complying with those legal requirements in order to accommodate plaintiff's religious belief that he is not obligated to pay income taxes.).

### 8.  Plaintiff has no constitutional right to employment with Defendants.

Plaintiff's prayer for relief appears to assert that he has a right to private employment with Defendants. Such contention has been rejected by the United States Supreme Court. *Board of Regents v. Roth*, 408 U.S. 564, 578 (1972).

In addition, the courts have repeatedly upheld an employer's right to terminate an employee or otherwise not hire a prospective employee that refuses to provide a social security number or such other information that is required by an IRS Form W-4 or DHS Form I-9. *See, e.g., Cassano v. Carb*, 436 F.3d 74 (2d Cir. 2006) (rejecting equal protection claim because "defendants' policy of requiring SSNs applied equally to all employees and was also a necessary consequence of defendants' obligations under federal law."); *Seaworth v. Pearson*, 203 F.3d 1056, 1057-58 (8th Cir. 2000); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-31 (9th Cir.1999); *Yisrael v. Per Scholas, Inc.*, 93 A.F.T.R.2d 2004-1708 (S.D.N.Y. 2004).

Therefore, Defendants' are permitted as a matter of law, if not required, to decline to offer Plaintiff private employment based on his refusal to provide a social security number or complete an IRS Form W-4 and DHS Form I-9. As such, the Complaint fails to state any cause of action on which relief can be granted.

### B.  IN THE ALTERNATIVE, THE COMPLAINT IS VAGUE AND REQUIRES A MORE DEFINITE STATEMENT (FED. R. CIV. PROC. 12(e))

In the alternative, Defendants move for an order requiring a more definite statement because the Complaint is "is so vague or ambiguous that [Defendants] cannot reasonably be required to

7.
DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

frame a responsive pleading, . . . ." Fed. R. Civ. Proc. 12(e). Here, the Complaint is indefinite as follows:

1. Plaintiff asserts that he requested additional information regarding the lawfulness of IRS Form W-4 and DHS Form I-9 from Defendants. He fails to state what additional information he requested or should be provided, nor does he state what legal obligation Defendants had to provide such information or under what law or theory he was entitled to such information.

2. Plaintiff fails to allege any facts indicating he was ever an employee of Defendants or that Defendants owed him any legal obligation to employ him or that would require Defendants to hire him and pay him back wages for a period of time prior to any employment.

3. The Complaint fails to comply with Federal Rule of Civil Procedure 10(b) in that there are no numbered paragraphs.

4. The Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e) in that there is no short, concise and direct statement of the grounds upon which the court's jurisdiction rests and no short, concise and direct statement of the claims showing entitlement to relief.

### C. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

This case presents no new claims or issues that the courts have not seen and summarily dismissed many times already. Plaintiff's Complaint should be dismissed without leave to amend because it is not possible for him to state a claim upon which relief can be granted. Specifically, Plaintiff's Complaint is predicated upon the notion that he can be declared a "free white State Citizen" beyond the reach of the laws of the United States and, therefore, that he should not be required to provide certain information which federal law requires as a pre-condition to employment. Moreover, Plaintiff improperly seeks an Order which would require Defendants to disregard their pre-employment, legal obligations. No amendment to the Complaint can allow for any cognizable claim to such status.

Further, he has no entitlement to private employment from Defendants, and cannot state a basis on which he could be entitled to such employment. Thus, no amendment to the Complaint could establish Plaintiff's right to private employment with Defendants.

8.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

Case No.: C07-4458SI

## III. CONCLUSION

This matter is unremarkable in that most or all of Plaintiff's arguments have been previously raised by traditional "tax protestors" and universally rejected by the courts. Both Plaintiff and Defendants are subject to the federal laws at issue here.

Further, because Plaintiff cannot be declared a "free white State Citizen" who is not subject to the laws of the United States, which is the sole basis for his Complaint, and Plaintiff otherwise has no right to private employment with Defendants, and thus cannot state any basis upon which relief can be granted, Plaintiff's Complaint should be dismissed without leave to amend.

Dated: August 31, 2007

*Arthur M. Eidelhoch*
ARTHUR M. EIDELHOCH
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants CENTRAL
PARKING SYSTEMS, INC.; NEW SOUTH
PARKING, INC.

Firmwide:83000516.2 024404.1041

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' MEM. P&A IN SUPPORT OF DEFS' MOTION PURSUANT TO RULE 12

9.

Case No.: C07-4458SI