United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL, | No. C-07-4458 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CENTRAL PARKING INC.; NEW SOUTH PARKING, INC. | |
| Defendants. | |

Before the Court is defendants' motion to dismiss plaintiff's action pursuant to Rule 12 of the Federal Rules of Civil Procedure. The matter is scheduled for a hearing on October 19, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby GRANTS defendants' motion and dismisses the action with prejudice.

**BACKGROUND**

On July 30, 2007, plaintiff filed a Petition for Declaratory and Injunctive Relief in San Mateo Superior Court. The case was removed to this court on August 28, 2007.

Plaintiff, a prospective employee of defendants, challenges defendants' policy of requiring plaintiff to complete certain forms prior to the commencement of employment, namely: an Internal

Revenue Service form W-4, and a Department of Homeland Security form I-9. Plaintiff asserts that such a requirement violates his rights under the United States Constitution. Plaintiff seeks various forms of declaratory relief which would exempt plaintiff from complying with the tax and immigration laws of the United States.

Defendants move this Court to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted. In the alternative, defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), arguing that the complaint is so vague that defendant cannot reasonably be required to frame a responsive pleading.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

**DISCUSSION**

Plaintiff's primary assertion is that he is not a citizen of the United States, and therefore not subject to federal laws relating to taxes, immigration and naturalization. Plaintiff alleges in his

2

complaint that he was born in the State of Maryland. Plaintiff's argument that he is not a citizen of the United States subject to its laws has been repeatedly rejected by the courts. *See, e.g., United States v. Studley,* 783 F.2d 934, 937 (9th Cir. 1986); *United States v. Sloan,* 939 F.2d 499, 501 (7th Cir. 1991).

Similarly, plaintiff's other arguments have been previously raised and rejected by the courts: plaintiff's provision of a W-4 to a prospective employer is mandatory, *Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir. 1981); plaintiff is an "employee" for purposes of the Internal Revenue Code, *United States v. Latham,* 754 F.2d 747, 750 (7th Cir. 1985); the Fifth Amendment right against self-incrimination does not allow plaintiff to refuse to provide his social security number and such other information as required by IRS Form W-4 and DHS Form 1-9 to a prospective employer or employer, *United States v. Neff,* 615 F.2d 1235, 1241 (9th Cir. 1980); and there is no constitutional right to a position of private employment, *Board of Regents v. Roth,* 408 U.S. 564, 578 (1972).

Further, the courts have routinely upheld an employer's right to terminate an employee or otherwise not hire a prospective employee who refuses to provide a valid social security number or such other information as is required by an IRS Form W-4 or DHS Form 1-9. *See, e.g., Sutton v. Providence St. Joseph Med. Gtr.,* 192 F.3d 826, 830-31 (9th Cir. 1999); *Cassano v. Garb,* 436 F.3d 74 (2d Cir. 2006); *Seaworth v. Pearson,* 203 F.3d 1056, 1057-58 (8th Cir. 2000).

Plaintiff is in effect asking this Court to order defendants to disregard their duties under federal law. This Court refuses to do so. *See Yisrael v. Per Scholas, Inc.,* 93 A.F.T.R.2d 2004-1708 (S.D.N.Y. 2004). Because plaintiff is a citizen of the United States subject to its laws, this Court finds that plaintiff's complaint fails to state a claim upon which relief could be granted and that no amendment to plaintiff's complaint would result in a cognizable cause of action. For this reason, the Court need not address defendants' alternative motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

**CONCLUSION**

For the reasons stated above, and for good cause shown, defendants' motion is GRANTED (Docket No. 4). Plaintiff's action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 16, 2007

SUSAN ILLSTON
United States District Judge